FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 12 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE: PROPECIA (FINASTERIDE)
PRODUCTS LIABILITY LITIGATION

This Document Relates to All Cases

Master File No.: 1:12-md-02331-JG-VVP
MDL No. 2331

~~Honorable John Gleeson~~

## PRACTICE AND PROCEDURE ORDER NO. 3 ~~(REVISED)~~

Pohorelsky, Magistrate Judge:
~~GLEESON, Judge:~~

On May 30, 2012, this Court conducted its initial status conference for MDL No. 2331, *In Re Propecia (Finasteride) Product Liability Litigation*. During the initial status conference, the Court instructed the parties to submit a proposed Case Management Order, which should address certain procedural, pretrial matters. Based on statements of counsel and the submissions made by the parties, the Court **ORDERS**:

1.  **Consolidation.** The civil actions assigned to MDL No. 2331 are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of New York, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

2.  **Status Conferences.** From time to time, the Court shall set a status conference to discuss the progress of pretrial matters. All necessary counsel shall appear for the conference with the undersigned on the date and at the time designated by the Court in the United States Courthouse for the Eastern District of New York (Brooklyn Courthouse).

    (a)  **Attendance.** To minimize costs and facilitate a manageable conference, parties (including those members of the Plaintiffs' Steering Committee who do not have an issue to present to the Court) are not expected to attend the conference, and parties with similar interests are required to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

1

(b) **Service List.** A designated member of the Plaintiffs' Executive Committee shall email this Order and all subsequent orders to the persons shown on the attached service list, which has been prepared from the Panel Service List issued by the JPML, the list of Involved Counsel issued by the JPML in connection with Conditional Transfer Order No. 1 and all subsequently issued Conditional Transfer Orders, and the list of counsel set forth in Practice and Procedure Order No. 2, which sets forth the Plaintiffs' Organizational and Leadership Structure and MDL Liaison Counsel. Counsel for Defendants shall prepare a corrected service list from time to time in order to ensure proper notice.

(c) **Other Participants.** Persons who are not named as parties in this litigation, but may later be joined as parties or are parties in related litigation pending in other federal and state courts, are invited to attend in person or by counsel.

(d) **Proposed Agenda.** The parties shall file a proposed agenda for the Status Conference no less than five (5) business days before each Status Conference identifying the issues to be discussed at the conference. The agenda shall include an update on the status of discovery.

3. **Practice and Procedure.**

(a) **Procedures for Complex Litigation.** Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

(b) **Rule 7.1 Disclosures.** To assist the Court in identifying any problems of recusal or disqualification, counsel for any defendant subsequently named and joined as a party to any civil action assigned to MDL No. 2331 shall submit disclosures to the Court that comply with Federal Rule of Civil Procedure 7.1. Merck & Co., Inc. and Merck Sharp & Dohme Corp., are relieved of this obligation as they have previously filed Rule 7.1 disclosures.

(c) **Meeting of Counsel.** Counsel for the parties shall meet to discuss the following:

(i) issues relating to timetables for dispositive motions;

(ii) issues relating to preservation of discoverable information;

2

(iii)    issues relating to privileges that could arise, including *ex parte* contact between Defendants and medical providers for Plaintiffs, Defendants' claims of trade secrets, and any others that are likely to arise;

(iv)    issues relating to limits on discovery, such as limits on interrogatory numbers, limits on duration and number of depositions;

(v)    time frame for discovery - completion of document production, interrogatory exchange, depositions;

(vi)    the production of an appropriate privilege log;

(vii)    time frame for expert witness designation and deposing; and

(viii)    other Fed.R.Civ.P. 16 and 26(f) topics not addressed above.

The Court anticipates a unified case management plan to result from the meeting of counsel, agreed upon by all counsel. To the extent that there is any disagreement, the details of the disagreement outlining each position of those who disagree must be set out in the joint case management plan for the Court to examine in order to make an informed decision about how best to proceed.

(d)    **List of Related Cases**. Counsel for Defendants shall file, from time to time, a statement listing all known related cases pending in state or federal court.

(e)    **Protective Order.** The parties have advised the Court that they are in the process of preparing a protective order that will govern the discovery and production of confidential and proprietary information. In the event the parties are unable to reach a consensus by August 30, 2012, the parties shall file simultaneous briefs limited to ten (10) pages in length identifying the areas of disagreement and relief sought. The court shall hear argument on this issue at the status conference set for September 6, 2012.

(f)    **Order Pertaining to Electronically Stored Information and Plaintiffs' Fact Sheet.** The parties have advised the Court that they are in the midst of an on-going meet and confer process related to a Proposed Electronically Stored Information Protocol and Plaintiffs' Fact Sheet. The Court and Parties believe continued negotiations will lead to further agreement. Accordingly, the Parties will continue to negotiate in good-faith and report to the Court on the status of the negotiations at the September 6, 2012 Status Conference.

(g)    **Defense Fact Sheet.** Plaintiffs will propose a Defense Fact Sheet to Defendants by August 30, 2012 for consideration.

3

(h) **Plaintiff's Preliminary Disclosure Form.** Defendants will propose a Plaintiff Preliminary Disclosure to Plaintiffs by August 30, 2012, for consideration. The parties agree to raise this issue with the Court at the next status conference.

**4.    Interim Measures.** Until otherwise ordered by the Court:

(a) **Orders of Transferor Courts.** All orders by transferor courts imposing dates for pleading or discovery are vacated.

(b) **Communications with the Court.** Unless otherwise Ordered by this Court, all substantive communications with the Court shall be in either writing, with copies to opposing counsel, or by joint phone conferences.

Nevertheless, the Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded by attorney's work product, and cooperative efforts contemplated above shall in no way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**5.    Direct Filing of Cases Into MDL No. 2331.** In order to eliminate delays associated with transfer of cases in or removed to other federal district courts to this Court, and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL No. 2331 may file his or her case directly in the MDL proceedings in the Eastern District of New York.

Each case filed directly in MDL No. 2331 that emanates from a district outside the Eastern District of New York will be filed in MDL No. 2331 for pretrial proceedings only, consistent with the Judicial Panel's April 16, 2012 Transfer Order and pursuant to this Court's Practice and Procedure Order No. 1, dated June 4, 2012, and Amendment to Practice and Procedure Order No. 1, dated June 14, 2012. For any complaint transferred into this Court as a result of a Transfer Order, the Counsel of Record identified on the complaint who are in good standing and entitled to practice law in their respective jurisdictions shall not be required to be admitted *pro hac vice,* but shall be deemed admitted for purposes of this MDL.

Upon completion of all pretrial proceedings applicable to a case directly before this Court, pursuant to this Order, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer that case to a federal district court of proper venue, as defined in 28 U.S.C. § 1391, based on recommendations of the parties to that case.

4

The inclusion of any action in *In re Propecia (Finasteride) Product Liability Litigation,* MDL No. 2331, whether such action was or will be filed originally or directly in the Eastern District of New York, shall not constitute a determination by the Court that jurisdiction or venue is proper in this district.

The fact that a case was directly filed in MDL No. 2331 pursuant to this Order will have no impact on the choice of law to be applied.

**6. Service of Complaints:** Without conceding that they are proper parties to this litigation and without waiving any arguments as to jurisdiction, Merck & Co, Inc., and Merck Sharp & Dohme Corp. have agreed to waive service of process for those cases filed in this MDL proceeding, in accordance with the direct filing procedures set forth in this Order, subject to the provisions of Fed. R. Civ. P. 4(d)(as modified herein.) The complaint and notice required by that Rule (with the exception of the materials listed in Rule 4(d)(2)(G), which are not necessary), shall be provided to counsel for Merck by e-mailing the documents to PropeciaMDL@butlersnow.com or by mailing them (with an e-mail address for return confirmation to:

> Charles F. Morrow
> Butler, Snow, O'Mara, Stevens and Cannada, PLLC
> 6075 Poplar Avenue, Suite 500
> Memphis, TN 38119

Merck is not required to return the waiver forms contemplated by Rule4(d)(2), but shall simply send a confirmation of first receipt of a complaint to plaintiffs' counsel by e-mail or otherwise and shall respond to the complaints as set forth herein.

**7. Responses to Complaints:**

> a.    For complaints filed in this proceeding, pursuant to Paragraph 5 of this Order, defendants shall have sixty (60) days from the date of confirmation of receipt of the complaint to answer or otherwise plead.

> b.    For complaints subsequently transferred to this Court as to which plaintiffs do not avail themselves of the provisions of Paragraph 5 of this Order, defendants shall have forty-five (45) days from the date of transfer to answer or otherwise plead.

**8. Rule 26(a) Disclosures:** The Court recognizes that the parties are currently endeavoring to negotiate a PFS and DFS. Given the Court anticipates that the PFS and DFS will incorporate many of the obligations imposed by Rule 26(a) of the Federal Rules of Civil Procedure, the Court Orders that the requirements set forth in Rule 26(a) are suspended.

9.    **Cooperation With Other Litigation**:  In order to facilitate the cooperation amongst the various State Court proceedings, within twenty (20) days of entry of this Order Defendants shall provide to the Executive Committee a list of all State Court Cases, the identity of the plaintiff(s), and the counsel of record in each case. Additionally Defendants shall supplement the list no later than (7) days prior to each Status Conference. The Court further notes that the parties are currently in the process of negotiating an Order outlining a proposed protocol for cooperation amongst the various State Court  Cases and MDL. The parties shall report to the Court at the September 6, 2012 Status Conference.


Dated:  _Sept. 6, 2012_

                                              s/Viktor Pohorelsky

                                              _____
                                              Honorable ~~John Gleeson~~
                                              Viktor V Pohorelsly

6