

Alan C. Milstein, Esquire
Direct Dial 856.661.2078
Direct Fax 856-661.2068
amilstein@shermansilverstein.com

March 6, 2013

Honorable John Gleeson
United States District Court Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Propecia (Finasteride) Products Liability Litigation
     Master File No. 1:12-md-02331-JG-VVP, MDL No. 2331, and
     Case Nos:  1:-12-cv-01871-JG-VVP – (Rossello, et al. vs. . Merck & Co, Inc., et. al.)
     1:12-cv-01872-JG-VVP – (Pope, et al. vs. . Merck & Co, Inc., et. al.)
     1:12-cv-05450-JG-VVP (Michael Weisberg v. Merck & Co, Inc., et. al.)
     1:12-cv-05451-JG-VVP (Alberto Vasquez v. Merck & Co, Inc., et. al.)
     1:12-cv-05452-JG-VVP (Russell Langley v. Merck & Co, Inc., et. al.)
     1:12-cv-05453-JG-VVP (Tarik Gozel v. Merck & Co, Inc., et. al.)
     1:12-cv-05454-JG-VVP (Wilzor Exantus v. Merck & Co, Inc., et. al.)
     1:12-cv-05456-JG-VVP (Herbert Stevenson v. Merck & Co, Inc., et. al.)
     1:12-cv-05457-JG-VVP (John Lee v. Merck & Co, Inc., et. al.)
     1:12-cv-05461-JG-VVP (Brian E. Thrane v. Merck & Co, Inc., et. al.)
     1:12-cv-05464-JG-VVP (Robert Schraeder v. Merck & Co, Inc., et. al.)

Dear Judge Gleeson:

    This office represents the plaintiffs in the foregoing matters. We request a Pre-Motion Conference with the Court regarding filing Motions for Leave To File Amended Complaints pursuant to Fed. R. Civ. P. 15 in the above-referenced matters.

    Plaintiffs move to amend their complaints to include their spouses as additional plaintiffs with a loss of consortium claim. Federal Rule of Civil Procedure 15(a) states that: "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Rule 15(a) reflects a general presumption in favor of permitting parties to amend their pleadings. Trustees of Amalgamated Ins. Fund v. Crown Clothing, Inc., 27 F. Supp. 2d 507, 510 (D.N.J. 1998). Permission to amend the pleadings should be denied only where a clear reason exists for doing so. Id. The Federal Rules of Civil Procedure advocate and provide for a liberal policy for amending pleadings. Foman v.

308 Harper Drive, Suite 200 • Moorestown, NJ 08057 • T: 856.662.0700 • F: 856.662.0165 • shermansilverstein.com
Pennsylvania Office • 11 Bala Avenue • Bala Cynwyd, PA 19004 • T: 215.923.2513

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.

Honorable John Gleeson
March 6, 2013
Page 2

Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

    The Third Circuit has elaborated on the proper analysis to apply:

> The trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is 'the touchstone for the denial of leave to amend.' In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.

Heyl & Patterson International, Inc. v. F.D. Rich Housing of the Virgin Islands, 663 F.2d 419, 425 (3d Cir. 1981).

    In the present case, amendment of the plaintiffs' complaints to allow additional parties that were injured by Defendants' product and marketing is warranted. Allowing such an amendment would promote judicial economy in that the proposed plaintiffs have the same loss of consortium claims as other plaintiffs had in the prior Amended Complaints filed under Master File No. 1:12-md-02331-JG-VVP, MDL No. 2331.

    Furthermore, by granting plaintiffs leave to file the Amended Complaints, Defendants would not be unduly prejudiced. Permitting the additional plaintiffs to be added would not delay the case management deadlines ordered by the Court. Plaintiffs have acted expeditiously seeking leave to file their proposed Amended Complaints in that this litigation is in its infancy stage and discovery has not yet been propounded or exchanged.

    Additionally, the plaintiffs' requests feature no extraordinary circumstances that would justify the Court in declining to discharge its mandate to view proposed amendments liberally. Leave to amend should be afforded as there is no undue delay, bad faith, or dilatory motive on the part of plaintiffs in seeking to file the Amended Complaints. Defendants could not conceivably overcome the liberality of the Rules. In addition, Defendants can show no prejudice by the granting of this request. In light of the foregoing, plaintiffs' should be granted leave to file their Amended Complaints.

    This office has requested consent from opposing counsel Alyson Jones, Esquire, of Butler, Snow, O'Mara, Stevens & Cannada, PLLC to file the Amended Complaints. Ms. Jones advised that she cannot give formal consent. However, Ms. Jones stated that counsel for defendants will likely not oppose the motion/request for leave to file the Amended Complaints once presented to the Court. Based on the foregoing, the undersigned requests a brief Pre-Motion Conference with the Court and opposing counsel to determine whether leave can be granted to file the Amended Complaint without having to unnecessarily spend the Court's time in reviewing approximately 10 identical Motions for Leave To File Amended Complaints.

Honorable John Gleeson
March 6, 2013
Page 3

     I look forward to hearing from the Court regarding scheduling the Pre-Motion Conference. Should you have any questions, please do not hesitate to contact me. Thank you, in advance, for your kind attention to this matter.

                           Very truly yours,

              **SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**
                       A Professional Corporation

                             ALAN C. MILSTEIN

ACM/lst/lmt
cc:    Alyson Bustamonte Jones, Esquire (via email: alyson.jones@butlersnow.com)
       Charles F. Morrow, Esquire (via email: PropeciaMDL@butlersnow.com)
       Sumit Som, Esquire (via email: ssom@venable.com)
       Eileen Oakes Muskett, Esquire (via email: emuskett@foxrothschild.com)