UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

IN RE PROPECIA (FINASTERIDE)
PRODUCT LIABILITY LITIGATION            12-MD-2331 (JG)(VVP)

---------------------------------------------------------------x

THIS DOCUMENT APPLIES TO:               **REPORT AND**
                                        **RECOMMENDATION**

**Cases Listed in the Annexed Exhibit A**
---------------------------------------------------------------x

   The defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively ("Merck") have moved to dismiss the claims of the various plaintiffs in the cases listed in Exhibit A to this opinion, and Judge Gleeson has referred the motion to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The motion rests on the failure by the plaintiffs in those cases to provide discovery ordered by the court. Specifically, on August 16, 2013, the court entered an order requiring each plaintiff to serve the defendants with a Plaintiff Profile Form ("PPF") that provided various items of information concerning their claims in this case, including, among other things, specific information about the injuries they allege they sustained, the medical treatment they received, and other information concerning the damages they allege they have incurred as a result of their use of the pharmaceutical products involved in this action. In addition, the plaintiffs were to provide authorizations permitting the defendants to obtain medical records from the providers of medical treatment. See Practice and Procedure Order No. 5, ¶ 1 and Ex. 1 (hereafter the "Order") [Doc. No. 128, 128-1]. The Order set generous deadlines for the service of the PPFs, as well as procedures for the defendants to notify counsel for any plaintiff who failed to meet the deadline applicable to that plaintiff and an opportunity to cure the delinquency after it was brought to the attention of the plaintiff's counsel. See Order, ¶ 4. Finally, the Order provides that if a plaintiff nevertheless fails to serve a PPF, the defendants may move to dismiss that plaintiff's claims without prejudice. *Id.*

In support of their motion, the defendants have submitted a declaration by Aaron R. Rice, one of the attorneys who represents the defendants, who attests that he was one of the attorneys responsible for determining the plaintiffs' compliance with their obligations to serve PPFs. See Declaration of Aaron Rice (annexed to Memorandum of Authorities in Support of Motion to Dismiss) [Doc. No. 233-1]. In that capacity, he was also responsible for ensuring that Merck complied with their obligations under the Order to provide notice and an opportunity to cure to the plaintiffs who failed to serve PPFs. Annexed to his declaration is an exhibit which lists the names of plaintiffs who have not provided PPFs, as well as the dates when their PPFs were due, the dates when deficiency letters were sent (two were sent to each plaintiff on the list), the dates when Notices of Intent to make the instant motion were sent, and the names of each plaintiff's counsel. The declaration establishes that the plaintiffs listed in Exhibit A hereto have not provided PPFs in accordance with the Order, and that Merck has complied with all of their obligations to provide notice and an opportunity to cure to each of the plaintiffs.

Under Rule 37(b)(2)(A)(v), the court is authorized to dismiss an action in whole or in part as a sanction for a party's failure to comply with a discovery order such as the Order entered in this case. Such a sanction is appropriate in this case, because the defendants cannot defend the claims made by the plaintiffs listed in Exhibit A without the information that is required to be provided in the PPFs. Accordingly, pursuant to Rule 37(b)(2)(A)(v) and in accordance with the terms of the Order, I recommend that the defendants' motion be granted and that the cases listed in Exhibit A be dismissed without prejudice.

    \*        \*        \*        \*        \*        \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2nd Cir. 2002); *IUE AFL-CIO Pension*

*Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

                                                             Respectfully Recommended,

                                                             *Viktor V. Pohorelsky*

                                                             VIKTOR V. POHORELSKY
                                                             United States Magistrate Judge

Dated:        Brooklyn, New York
                 October 16, 2015

## EXHIBIT A

| Docket No. | Case Name |
|---|---|
| 12 CV 2047 | Koch v. Merck & Co., Inc. et al |
| 13 CV 5172 | Jacobs v. Merck & Co., Inc. et al |
| 14 CV 2232 | Corcos et al v. Merck & Co, Inc. et al |
| 14 CV 2248 | Kull v. Merck & Co., Inc. et al |
| 14 CV 2277 | Dennis et al v. Merck & Co, Inc. et al |
| 14 CV 2246 | Pratt et al v. Merck & Co., Inc. et al |
| 14 CV 2272 | Quiriconi v. Merck & Co, Inc. et al |
| 14 CV 2677 | Gumbrell v. Merck & Co., Inc. et al |
| 14 CV 3086 | Miller v. Merck & Co., Inc. et al |
| 14 CV 3588 | Dearman v. Merck & Co., Inc. et al |
| 14 CV 3622 | Adams v. Merck & Co., Inc et al |
| 14 CV 3791 | Cunningham v. Merck & Co., Inc. et al |
| 14 CV 3957 | Davis v. Merck & Co., Inc et al |
| 14 CV 3956 | Seresun v. Merck & Co., Inc et al |
| 14 CV 3974 | Brinkman v. Merck & Co., Inc. et al |
| 14 CV 3975 | Guerra v. Merck & Co., Inc. et al |