```
                                                                                              C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                :
 IN RE: PROPECIA (FINASTERIDE)                                  :
   PRODUCTS LIABILITY LITIGATION                                :    12-md-2331 (BMC) (PK)
                                                                :
----------------------------------------------------------------X
LINIERS G. CRESPO and LOURDES CRESPO,                           :
                                                                :
                        Plaintiffs,                             :
               - against -                                      :    13-cv-2388 (BMC) (PK)
                                                                :
MERCK & CO., INC. and MERCK SHARP &                             :
DOHME CORP.,                                                    :
                        Defendants.                             :
----------------------------------------------------------------X
                                                                :
J. L. HOWZE,                                                    :
                        Plaintiff,                              :
               - against -                                      :
                                                                :    14-cv-297 (BMC) (PK)
JOHN CANAN and MERCK SHARP & DOHME,                             :
                                                                :
                        Defendants.                             :
                                                                :
----------------------------------------------------------------X
AUSTIN GORRIS,                                                  :
                        Plaintiff,                              :
               - against -                                      :
                                                                :    15-cv-1682 (BMC) (PK)
MERCK & CO., INC. and MERCK SHARP &                             :
DOHME CORP.,                                                    :
                                                                :
                        Defendants.                             :
----------------------------------------------------------------X
KELLY S. PFAFF, individually, on behalf of J.A.P.               :
and C. P., minors, and as Trustee of the PFAFF                  :
FAMILY TRUST,                                                   :
                        Plaintiffs,                             :
               - against -                                      :
                                                                :    15-cv-3355 (BMC) (PK)
MERCK & CO., INC. and MERCK SHARP &                             :
DOHME CORP.,                                                    :
                        Defendants.                             :
----------------------------------------------------------------X
```

# ORDER TO SHOW CAUSE

**COGAN**, District Judge.

The above-captioned cases represent the remaining four lawsuits consolidated in this District as In re: Propecia (Finasteride) Products Liability Litigation, No. 12-md-2331. In November 2018, after more than six years of centralized litigation, the Court finalized the distribution of the Settlement Fund to the 407 plaintiffs participating in the Master Settlement Agreement. The Court soon thereafter dismissed the cases of four *pro se* plaintiffs who chose not to prosecute their cases, leaving the cases of ten non-participating plaintiffs. Of those ten cases, one was dismissed after the plaintiff's death, one was voluntarily dismissed, two were dismissed by stipulation of the parties, and two were dismissed for failure to prosecute.

Four cases still persist before the Court, none of which could have been filed in this District absent jurisdiction under 28 U.S.C. § 1407. Only one of these has exhibited any material progress in the last year and a half, and defendants' motion for summary judgment in that action is presently before the Court. Although the Court will decide the outstanding summary judgment motion for efficiency's sake, there would appear to be no valid justification for it to entertain the remaining three cases any longer.

On January 3, 2019, the Court ordered the parties in each of the four cases to show cause why the cases should not be transferred to their appropriate districts. Even though several of the plaintiffs consented to the transfer, the Court stayed remand in all of the cases at the behest of defendants. Specifically, defendants insisted that "to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary," this Court should "oversee an expeditious discovery period, followed by motion practice, in an effort to resolve all cases."

The parties in these cases were accordingly put on a (less-than) "expeditious" discovery and motions schedule, with discovery ending January 3, 2020, and dispositive and Daubert motions to be filed by January 20, 2020. Since then, the Howze schedule has been extended once due to plaintiff's criminal re-sentencing proceedings – lasting two months – and looks to be extended again through August 2020 if Magistrate Judge Kuo adopts defendants' proposed amended scheduling order. The Gorris case has been extended twice, with the schedule now ending in late August 2020. And the Pfaff case has been extended five times, with the present schedule stretching into July 2021. The Court anticipates even further delays resulting from the present public health crisis.

It also bears mentioning that the lone-pending summary judgment motion, fully briefed as of March 25, 2020, is wholly based on defenses unique to that case – e.g., statute of limitations, plaintiffs' failure to procure an expert, and lack of proof of causation. The most reasonable conclusion the Court can draw from this is that there are no defenses common to the "class" that defendants can assert in the other cases. Moreover, defendants have previously represented that "the parties have completed general causation discovery and company discovery of Merck." Thus, the reasons for keeping these cases together in this District appear to have been satisfied.

Given the plentiful time the parties have had to conduct both collective and individual discovery; the numerous extensions granted to the parties for the same; the fact that nearly all other cases in this litigation have been disposed of; the desire of the plaintiffs to have their cases transferred back to their home districts; and the case-specific nature of the remaining pre-trial tasks, defendants are ORDERED TO SHOW CAUSE by April 24, 2020, why the Court should not (1) recommend that the Panel remand the Howze, Gorris, and Pfaff cases to their respective

districts; and (2) in the event the summary judgment motion in the Crespo case is denied, recommend remand of that case as well.

**SO ORDERED.**

                                                                       U.S.D.J.

Dated: Brooklyn, New York
       April 17, 2020