UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

| | |
|---|---|
| IN RE PROPECIA (FINASTERIDE) PRODUCT LIABILITY LITIGATION | Docket No: 12-MD- 2331(BMC)(PK) |

------------------------------------------------------------------------------X

AUSTIN GORRIS,

                           Plaintiff,

        -against-

| | |
|---|---|
| MERCK & CO., INC. and MERCK SHARP & DOHME CORP., | Docket No: 1:15-cv-1682 (BMC)(PK) |

                           Defendants.
------------------------------------------------------------------------------X

## **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

On April 17, 2020, this Court filed an Order to Show Cause directing the Defendants to show cause why this case should not be remanded to Plaintiff's home district.

As explained below, Plaintiff respectfully requests that this Court retain the actual action because a transfer of this action to the Southern District of Florida (the District Court in Plaintiff's home district) would be very prejudicial to the Plaintiff.

### **Background**

In the interest of brevity, it is respectfully requested that the Court refer to the background that was recited in Defendants' April 24, 2020 Response to the Court's Order to Show Cause. (ECF 54).

**Response to Order to Show Cause**

Plaintiff respectfully requests that this Court maintain jurisdiction over the remaining cases that are still pending before this Court. As stated by the Defendants, a transfer at this time does not promote efficient administration of justice.

New York District Courts have held that judicial efficiency outweighs all other factors and are dispositive on the issue of judicial efficiency. *Goggins v. Alliance Capital Mgmt., L.P.*, 279 F. Supp. 2d 228 (S.D.N.Y. 2003). When deciding whether to transfer a case based on the conservation of judicial resources, "courts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy and may be determinative. *Ahmed v. T.J. Maxx Corp.*, 777 F. Supp. 2d 445 (E.D.N.Y. 2011); *see also Williams v. City of New York*, No. 03-CV-5342, 20006 U.S. Dist. LEXIS 6470 at *3 (S.D.N.Y. Feb. 21, 2006). As Your Honor is aware, currently, there are three other related actions that are pending before this Court: *Crespo and Crespo v. Merck & Co., Inc. and Merck Sharp & Dohme Corp.* (Docket No. 13-cv-2388 (BMC)(PK), *Howze v. Merck & Co., Inc. and Merck Sharp & Dohme Corp.* (Docket No. 14-cv-297 (BMC)(PK), and *Pfaff v. Merck & Co., Inc. and Merck Sharp & Dohme Corp.* (Docket No. 15-cv-3355 (BMC)(PK).

Pre-trial proceedings are still on-going in the instant matter. The parties are still engaged in discovery as additional fact and expert depositions have not been completed. Furthermore, expert disclosure deadlines and motion deadlines have not expired. The parties are diligently working together to complete the remaining pre-trial proceedings, as set forth in the Amended Scheduling Order. (ECF 52). Moreover, it is respectfully submitted that if there are any issues that requires the Court's guidance in this case, as well as in the *Howze, Crespo* and *Pfaff* cases,

these issues should be decided by this Court since Your Honor is very familiar with the issues and the case history. A new judge assigned to this matter will not be fully familiar with the issues and could result in an inconstant ruling and/or duplicitous litigation.

Courts have held that "[t]here is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided. *Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir. 1968); *see also Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990)("We have made quite clear that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy, and money that § 1404(a) was designed to prevent.'")

Moreover, a venue transfer at this time would be very prejudicial to Plaintiff because the Plaintiff's current counsel is only barred in New York State. At this time, the undersigned has spent over 150 hours reviewing documents and deposition testimony and is still reviewing same in preparation for the retainment of the appropriate case specific expert(s) for Mr. Gorris. In addition, the undersigned is trying to determine if there is any further additional document demands that might need to be made. A venue transfer will require Plaintiff to retain local counsel who will have to become fully familiar with the case, which includes the review of approximately 3 million pages of discovery that was exchanged and over 10 deposition transcripts. The review of all of this material will be very difficult to complete prior to the June 12, 2020 deadline for case specific expert reports. In essence, a venue transfer would require Plaintiff to start from the beginning.

It is respectfully submitted that this Court should not transfer this case, or the related actions. It is respectfully requested that this Court retain this action as well as the *Howze*, *Crespo*, and *Pfaff* actions.

Dated:   New York, New York
         April 24, 2020

                                    Yours, etc.

                                    **LAW OFFICE OF DIMITRIOS KOUROUKLIS, PH.D.**

                                            /s/ Dimitrios Kourouklis
                                    By: _____
                                            Dimitrios Kourouklis (DK 0073)
                                    *Attorneys for Plaintiff*
                                    *AUSTIN GORRIS*
                                    20 West 20th Street, 2nd Floor
                                    New York, New York 10011
                                    (929) 400-7608

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have caused the foregoing to be electronically filed with the Clerk of the Court using the ECF System, which sent notification of such filing to all registered attorneys.


                                    /s/ Dimitrios Kourouklis